UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RODNEY LA'RON COVINGTON ]
    Petitioner, ]
     ]
v. ] No. 3:07-0729
     ] Judge Trauger
CHERRY LINDAMOOD ]
    Respondent. ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood, Warden of the facility, seeking a writ of habeas corpus.

In May 2002, a jury in Davidson County found the petitioner guilty of raping a child and two counts of aggravated sexual battery. For these crimes, he received an effective sentence of twenty (20) years in prison. Docket Entry No. 14; Addendum No. 1 at pgs. 38-40. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 14; Addendum No. 3; Document No. 3. A subsequent application for further review was denied by the Tennessee Supreme Court. Docket Entry No. 14; Addendum No. 3; Document No. 5.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Davidson County. Docket Entry No. 14; Addendum No. 2; Volume No. 1 at pgs. 5-16. Following the appointment of counsel, an amendment of the post-conviction petition and an evidentiary hearing, the trial court denied the petition. Docket Entry No. 14; Addendum No. 2; Volume No. 1

1

at pgs. 31-35. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 14; Addendum No. 4; Document No. 3. Once again, the Tennessee Supreme Court denied petitioner's application for further review. Docket Entry No. 14; Addendum No. 4; Document No. 5.

On February 20, 2007, the petitioner filed the instant petition (Docket Entry No. 3-2) for writ of habeas corpus.[1] In the petition, the petitioner sets forth three primary claims for relief. These claims include:

>    (1)   the petitioner's convictions were obtained through
>          the use of a coerced confession.
>
>    (2)   the petitioner was denied the effective assistance
>          of counsel when his attorney
>              a) neglected to seek suppression of the
>                 coerced confession;
>              b) failed to adequately prepare for trial;
>              c) did not ask the victim "critical questions"
>                 on cross examination;
>              d) failed to oppose an amendment of the
>                 indictment; and
>              e) did not utilize favorable polygraph
>                 results.[2]
>
>    (3)   the petitioner was "tricked" into waiving
>          his right against self-incrimination.

Upon its receipt, the Court reviewed the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 4) was entered directing the

---

[1] The petition was originally filed in the United States District Court for the Western District of Tennessee. By an order (Docket Entry No. 3-4) entered June 26, 2007, it was transferred to this judicial district.

[2] At trial, the petitioner was represented by J. Michael Engle, an Assistant Public Defender for Davidson County.

respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Answer (Docket Entry No. 13), to which the petitioner has offered no response. Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

A review of the record shows that all of the petitioner's claims, with the exception of his amended indictment claim (Claim No. 2d), were never offered to the state courts at any level for

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

3

consideration. *See* Docket Entry No. 14; Addendum No. 3; Document No. 1 and Addendum No. 4; Document No. 1. To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.1996). In the case of those claims that were never presented to the state courts, the petitioner has obviously failed to satisfy the exhaustion requirement prior to the filing of this action. Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982).

In this instance, the petitioner has failed to properly exhaust his state court remedies for all but one of his claims. The petitioner has pled neither cause nor prejudice to explain why these claims were not offered to every level of the state court system for consideration. They would, therefore, appear to be procedurally defaulted. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546 (1991); Murray v.

4

Carrier, 106 S.Ct. 2639, 2649-50 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Id. Here, the petitioner has offered nothing to place his guilt in doubt. Consequently, the Court finds that the petitioner has forfeited his right to federal review of those claims (Claim Nos. 1, 2a-c, 2e, and 3) that were never presented to the state courts.

The original indictment in this case charged the petitioner with crimes committed "on a date in 1992 or 1993". Docket Entry No. 14; Addendum No. 1 at pgs. 6-13. Under Tennessee law, a conviction for the unlawful penetration of a child occurring prior to July 1, 1992, did not carry a mandatory sentence. The prosecutor, however, moved in a pre-trial motion to amend the indictment, changing the date of the alleged crimes to "on a date between August 1, 1993 and August 1, 1995." Docket Entry No. 14; Addendum No. 1 at pg. 27. A rape conviction under the amended indictment would require the petitioner to serve a mandatory sentence. Apparently, counsel for the petitioner did not oppose the motion and the indictment was so amended. Docket Entry No. 14; Addendum No. 1 at pgs. 15-19.

The petitioner's remaining claim, i.e., counsel's ineffectiveness for failing to oppose the amendment of the indictment (Claim No. 2d), was fully litigated in the state courts during post-conviction proceedings and was found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir. 1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court

on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449, n. 14 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). To demonstrate a deficiency in representation, the petitioner must demonstrate that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). When considering an ineffective assistance claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

On appeal of the denial of post-conviction relief, the Tennessee Court of Criminal Appeals acknowledged that the amendment of the indictment "impacted the Appellant's release eligibility date." However, noting that the petitioner had never asserted that the dates set forth in the amended

indictment were incorrect and that "the State could have entered a *nolle prosequi* of the charge of rape of a child and resubmitted the case to another grand jury for the purpose of correcting the date of the offense", it was held that the petitioner was not prejudiced by counsel's failure to object to the amendment. Docket Entry No. 14; Addendum No. 4; Document No. 3 at pgs. 4-5.

The petitioner has failed to demonstrate in what way the legal rationale of the state courts ran contrary to federal law. Nor has he offered any clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Therefore, having carefully reviewed the record, it appears that the state court adjudication of the petitioner's remaining claim was neither contrary to nor an unreasonable application of federal law. Consequently, this claim will not support an award of habeas corpus relief.

In the absence of an actionable claim, the Court finds that the instant habeas corpus petition has no merit. Accordingly, this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

7

Case 3:07-cv-00729   Document 15   Filed 09/27/07   Page 7 of 7 PageID #: 1103